IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY D. TAYLOR, SR.,

                 Plaintiff,

   v.

ROBERT LYNN, KEVIN WITTE,
and CITY OF BELOIT,

                 Defendants.[1]

ORDER

13-cv-862-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Anthony Taylor is proceeding on a claim that defendants Robert Lynn and Kevin Witte searched his home without justification and in accordance with the policies of defendant City of Beloit, in violation of the Fourth Amendment. Now before the court is plaintiff's motion for entry of default judgment against the city on the ground that the city has not answered the complaint. Dkt. #34.

      In its opposition brief, the city says that it filed its answer on March 31, 2015, as reflected at docket no. 31. However, that answer states that it was filed on behalf of the other defendants: "The Defendants, Officer Robert Lynn and Officer Kevin Witte, by their attorneys, Gunta Law Offices, S.C., answer Plaintiff's Complaint/Amended Complaint as follows . . . ." Dkt. #31 at 1. At the end of the complaint counsel identify themselves as

---

[1] Plaintiff identified this defendant as "Office Witte" in his complaint. I have amended the caption to include his full name, as reflected in defendants' answer.

"Attorneys for Defendants Officer Robert Lynn and Office Kevin Witte." Id. at 4. They do not mention the city. Accordingly, I conclude that docket no. 31 cannot serve as the city's answer.

This does not mean that plaintiff is entitled to a default judgment. The city is represented by the same counsel as the other defendants and it appears that counsel's failure to include the city in the answer was an oversight. The Court of Appeals for the Seventh Circuit has a "well established policy" for "favoring a trial on the merits over a default judgment." Sun v. Board of Trustees of University of Ilinois, 473 F.3d 799, 811-12 (7th Cir. 2007). For this reason, a court may enter a default judgment "only when a party wilfully disregards pending litigation." Id.

There is no indication that the city is willfully disregarding this case, so I am denying plaintiff's motion. Instead, I will give the city two weeks to file its own answer or for all of the defendants to file an amended answer that includes the city.

ORDER

IT IS ORDERED that plaintiff Anthony Taylor's motion for a default judgment, dkt. #34, is DENIED. Defendant City of Beloit may have until July 10, 2015 to file an answer

to the complaint.

    Entered this 26th day of June, 2015.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge